IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-20941

PERFECT FINISH CLEANERS
d/b/a CAPE CLEANERS, on behalf of
itself and all others similarly situated,

CIV-ALTONAGA   MAGISTRATE JUDGE
BROWN

Plaintiff,

v.

CLASS ACTION

FERRELLGAS, INC. and
FERRELLGAS, L.P.

JURY TRIAL DEMANDED

FILED by ATS D.C.

APR - 9 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

Defendant.
_____/

**COMPLAINT**

Plaintiff, Perfect Finish Cleaners d/b/a Cape Cleaners, ("Cape Cleaners"), on behalf of itself and all others similarly situated, hereby sues Defendants, Ferrellgas, Inc. and Ferrellgas, L.P. (collectively "Ferrellgas"), for breach of contract and deceptive and unfair trade practices, and states as follows:

**FACTUAL ALLEGATIONS**

1.  This suit seeks damages under Missouri law for breach of contract. The Plaintiff, Cape Cleaners, signed a uniform "Ferrell Gas Service Agreement" (the "Ferrellgas Agreement") with Ferrellgas for the sale of liquefied petroleum gas (propane). The Ferrellgas Agreement required Cape Cleaners to pay Ferrellgas .20 cents per gallon above Ferrellgas' own delivered cost of propane to its Ft. Myers plant. *See* Exhibit A.

2.  The Ferrellgas Agreement is a uniform agreement that Ferrellgas uses for its retail customers all across the country. Upon information and belief, every Ferrellgas retail

customer is required to enter into the same contract, with the only variable being the amount the customer must pay above Ferrellgas' own delivered cost for the propane.

3. The amounts that Ferrellgas charged Cape Cleaners as its own "delivered cost of propane" were regularly incorrect and inflated. Accordingly, Cape Cleaners paid Ferrellgas amounts above and beyond what was agreed under each contract.

4. For example, Cape Cleaners contacted Ferrellgas on or about October 16, 2008, regarding potential overcharges, and Ferrellgas confirmed that Cape Cleaners had in fact paid an amount above and beyond its contracted amount for propane during the preceding weeks. Cape Cleaners was charged and paid $2.3814 per gallon for propane when Ferrellgas' own delivered cost was only $1.77 per gallon. *See* Exhibit B.

5. Upon information and belief, this admitted overcharge was not an isolated event as to Cape Cleaners, and moreover, similar overcharges have been made to other Ferrellgas customers.

6. Because Ferrellgas maintains electronic records indicating its own delivered cost of propane to each of its plants, and maintains records of the contracted-for costs to its retail customers (i.e., the amount to be paid above delivered cost), identifying wrongful overcharges as to all retail customers during the relevant time period will be a simple, ministerial matter.

7. Ferrellgas is currently being sued by the Arkansas Attorney General for similar deceptive and misleading billing practices regarding the sale of propane.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction in that the amount in controversy exceeds $5 million and Defendants and at least one member of the Class are of diverse citizenship. 28 U.S.C.A. § 1332(d)(2).

9. All conditions precedent to bringing this action have been waived, performed, excused or otherwise occurred.

10. Venue is proper in this forum because, at all times relevant hereto, a substantial portion of the practices complained of herein occurred in the Southern District of Florida and/or because Ferrellgas has received substantial compensation as a result of doing business in the Southern District of Florida. Moreover, Ferrellgas, at all times material to the allegations contained herein, personally and/or through an agent operated, conducted, engaged in and carried on a business venture in the Southern District of Florida or had an office or agency in the Southern District of Florida; and/or engaged in substantial activity within this state and district.

## PARTIES AND RELATED PERSONS

11. At all material times Plaintiff Cape Cleaners is a Florida corporation with a principal place of business at 810 Cape Coral Parkway East, Cape Coral, Florida 33904.

12. Ferrellgas, Inc. is a Delaware Corporation, with its principal place of business in the State of Missouri. Ferrellgas, Inc. is the general partner of Ferrellgas, L.P. Ferrellgas, Inc. is engaged in the business of selling propane gas in the State of Florida.

13. Ferrellgas, L.P. is a Limited Partnership organized and registered in the State of Delaware. Ferrellgas, L.P. is registered to do business and was doing business in the State of Florida at all times relevant. Ferrellgas, L.P. is engaged is the business of selling propane gas in the State of Florida.

## CLASS ACTION ALLEGATIONS

14. The individual Class members are so numerous that joinder of all members is impracticable. Plaintiff brings this action against Ferrellgas pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and all others similarly situated. The

Class which the Plaintiff represents is comprised of the following:

National Class (Breach of Contract claim only):

All retail customers of propane supplied by Ferrellgas who signed the "Ferrellgas Gas Service Agreement" and were charged an amount greater than the contracted-for price (a specified amount above Ferrellgas' own delivered cost), in the fifty United States, and who purchased propane from Ferrellgas from November 10, 2004, to the present. Excluded from the Class are Ferrellgas, its employees, officers and directors, and their immediate family members.

Florida State Subclass (FDUPTA claim only):

All retail customers of propane supplied by Ferrellgas who signed the "Ferrellgas Gas Service Agreement" and were charged an amount greater than the contracted-for price (a specified amount above Ferrellgas' own delivered cost), in the State of Florida, and who purchased propane from Ferrellgas from November 10, 2004, to the present. Excluded from the Class are Ferrellgas, its employees, officers and directors, and their immediate family members.

**Numerosity**

15. The National Class and State Subclass consists of hundreds of retail customers of Ferrellgas, the names and addresses of which are readily ascertainable from Ferrellgas' records. The precise number of Class members can only be obtained through discovery but the numbers are clearly more than can be consolidated in one complaint. Moreover, it is impractical for each class member to bring suit individually. Plaintiff does not anticipate any difficulties in the management of the action as a class action.

**Commonality**

16. There are questions of law and fact that are common to the claims of Plaintiff and the entire Class. These common questions predominate over any questions that relate particularly to any individual member of the Class. Among such common questions of law and fact are the following:

    A.    Whether Ferrellgas' practice of charging more than the specified amount over its delivered cost violated the uniform contract and FDUPTA;

  B.  Whether Ferrellgas overcharged its retail customers under these uniform contracts; and

  C.  What damages are available to the members of the Class under Missouri law.

**Typicality**

17. Plaintiff's claims are typical of the claims of the Class because of the similarity, uniformity, and common purpose of the unlawful conduct of Ferrellgas. Plaintiff has signed a Ferrellgas Gas Service Agreement, and has admittedly been overcharged by Ferrellgas for propane purchases. Each Class member has sustained damage as a result of Ferrellgas' wrongful conduct in the same manner as Plaintiff -- that is, each Class member paid more for Ferrellgas propane than contracted.

**Adequacy of Representation**

18. Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel, experienced in litigation of this nature, to represent it. There is no hostility between Plaintiff and the unnamed Class members.

19. To prosecute this case, Plaintiff has chosen the law firms of Kozyak, Tropin & Throckmorton, P.A.; Freidin & Dobrinsky; and Harke & Clasby LLP. These firms are experienced in class action litigation and have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

**Requirements of Fed. R. Civ. P. 23(b)(3)**

  i. **Predominance**

20. The questions of law or fact common to the claims of Plaintiff and the Class predominate over any questions of law or fact affecting only individual members of the class.

All claims by Plaintiff and the unnamed Class members are based on the purchase of propane from Ferrellgas under materially identical contract provisions. Moreover, all of these contracts contain a provision that requires that they be interpreted under Missouri law, providing a uniform legal framework in which to evaluate the Class' claims.

21. Common issues predominate when, as here, liability can be determined on a class-wide basis.

22. When determining whether common questions predominate, courts focus on the liability issue. If the liability issue is common to the class, common questions will be held to predominate over individual questions.

23. Liability in this case will be resolved on a class-wide basis. All claims by Plaintiff and the members of the Class are based on materially identical contract provisions and are to be evaluated under the law of a single state. Furthermore, the Plaintiff and the Class members all paid net prices for propane higher than the contracted amounts.

24. Ferrellgas maintains records electronically of its delivered costs and the prices charged to its retail customers.

25. Based on Ferrellgas' own electronic records, identifying Class members' damages will involve a simple, uniform mathematical process.

### ii. Superiority

26. A class action is superior to hundreds of individual actions in part because of the non-exhaustive factors listed below:

    a. Joinder of all Class members would create extreme hardship and inconvenience because of their geographical dispersion. Class members reside throughout the country.

    b. Individual claims by the Class members are impractical because the costs to pursue individual claims in most if not all cases exceed the value of what any one

    Class member has at stake. As a result, individual Class members have no interest in prosecuting and controlling separate actions.

c.  There are no known Class members who are interested in individually controlling the prosecution of separate actions.

d.  The interests of justice will be well served by resolving the common disputes of potential Class members in one forum, particularly where, as here, the forum is also the state whose law governs the interpretation of the contract provisions at issue.

e.  The action is manageable as a class action. The Class is readily identifiable from the Defendant's records. The predominant issues involve a single materially identical form of contract and the law of a single jurisdiction, Missouri.

## COUNT I
## BREACH OF CONTRACT

27.  Plaintiff re-alleges paragraphs 1 through 26 of the Complaint as though fully set forth in this Count, and further alleges:

28.  Plaintiff and each member of the Class entered into the Ferrellgas Contract as set forth above. Under the terms of the Ferrellgas Contract, Plaintiff and members of the Class were to purchase, and Ferrellgas was to supply, propane.

29.  The Ferrellgas Contract contains a specific price term which provides that Ferrellgas will sell propane to each retailer who signed it at a set amount over Ferrellgas' delivered cost of propane.

30.  In fact, Ferrellgas did not supply propane to Plaintiff and members of the Class at the specific contracted amounts.

31.  The failure of Ferrellgas to provide Plaintiff and members of the Class with the contracted amounts constituted a material breach of the Ferrellgas Contract.

32.  As a direct result of Ferrellgas' material breach(es), Plaintiff and the Class suffered actual, compensatory damages.

## RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

a) Certify this action as a class action under Federal Rule of Civil Procedure 23(a) and (b)(2) and (b)(3).

b) Enjoin Ferrellgas from charging its retail customers amounts other than contracted for.

c) Award Plaintiff and the Class compensatory damages and pre- and post-judgment interest.

d) Award Plaintiff and the Class their attorney's fees, costs and expenses pursuant to the parties contract and Fla. Stat § 57.105(7).

e) Award Plaintiff and the Class such further relief as is appropriate in the interests of justice.

## COUNT II
## VIOLATIONS OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (Florida Subclass Only)

33. Plaintiff re-alleges paragraphs 1 through 26 as if fully set forth herein.

34. This is a claim for violation of Florida's Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA"), Fla. Stat. §§ 501.201, *et. seq*.

35. FDUTPA provides that unfair methods of competition, unconscionable acts and practices, and unfair or deceptive acts or practices in the conduct "of any trade or commerce" are unlawful. Fla. Stat. § 501.204.

36. Plaintiff and the other Class Members are "consumers" as defined and construed under the FDUTPA, Fla. Stat. §§ 501.201-501.213.

37. Defendants' conduct as alleged herein occurred in the course of trade or commerce.

38. The Defendants' improper overcharges for propane constitutes an unfair or deceptive trade practice.

39. Plaintiff and the other Class Members suffered actual damages as a result of Defendants' deceptive and/or unfair trade practices, specifically the overcharges for the propane.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually on behalf of himself, and all others similarly situated, respectfully asks that this Court enter an Order:

(a) certifying this matter as a class action with Plaintiff as Class Representative and designating Plaintiff's counsel as class counsel;

(b) awarding actual and/or compensatory damages as provided by Fla. Stat. § 501.211(1);

(c) declaring hat the Defendants' overcharges for propane constitutes an unfair or deceptive trade practice and enjoining such conduct;

(d) awarding the costs of this proceeding and attorney's fees, as provided by Fla. Stat. § 501.2105; and

(e) such other relief as may be just, necessary or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on any and all counts for which trial by jury is permitted by law.

Dated: April 9, 2009

Respectfully submitted,

HARKE & CLASBY LLP
Lance A. Harke, P.A.
lharke@harkeclasby.com
Florida Bar No. 863599
Howard M. Bushman, Esq.
hbushman@harkeclasby.com
Florida Bar No. 0364230

155 South Miami Ave., Suite 600
Miami, Florida 33130
Telephone:   (305) 536-8220
Telecopier:   (305) 536-8229

KOZYAK TROPIN & THROCKMORTON, P.A.
Adam M. Moskowitz, Esq.
amm@ktt.com
Florida Bar No. 984280
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

FREIDIN & DOBRINSKY, P.A.
Randy Rosenblum, Esq.
rrosenblum@fdlaw.net
Florida Bar No. 983527
Manuel Dobrinsky, Esq.
mdobrinsky@fdlaw.net
Florida Bar No. 775525
One Biscayne Tower, Suite 3100
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 371-3666

*Counsel for Plaintiff & Class Members*

# EXHIBIT A



# FERRELLGAS GAS SERVICE AGREEMENT

Ferrellgas (SELLER), with an address at _2155 ROCKFILL RD, FT MYERS, FL 33916_
and _PERFECT FINISH CLEANERS DBA STEPHAN TAMIAMOV_ (BUYER)
of _810 CAPE CORAL PARKWAY EAST, CAPE CORAL_ 33904 agrees as follows:
_Cell # 239-313-3366_

1. **SALE AND PURCHASE**
   SELLER agrees to sell to BUYER and BUYER agrees to purchase from SELLER, all of BUYER'S Liquified Petroleum Gas (propane) requirements.

2. **DELIVERY AND TITLE**
   The propane shall be delivered to BUYER at the above or other addresses designated herein. Title to the propane shall pass to BUYER at the time the propane is received into the storage facility which will provided for the BUYER.

3. **PRICE, PAYMENT AND TAXES**
   SELLER shall supply propane to the BUYER at a cost of _.20_ cents per gallon above SELLER'S delivered cost of propane to _Ft Myers_ plant. SELLER'S cost of product as of _April 28_ 20_08_, is _1.729_ cents per gallon. Thus, BUYER'S delivered cost of propane shall be _1.929_ cents per gallon and be subject to change only in proportion to any increases or decreases in SELLER'S delivered cost of propane. Payment to SELLER shall be made within ten (10) days from the date of invoices which will be issued by SELLER. In the event the BUYER shall default in meeting the ten (10) day requirement of this paragraph, SELLER shall have the right, without prejudice to any other remedies, to suspend further deliveries of propane or to require BUYER to pay for propane on a C.O.D. basis. Any tax, fee or other charge imposed in any way by any government authority on the production, transportation, sale, use, deliver or other handling of the propane or any component thereof, shall be added to the above price and shall be paid by BUYER. In any suit to recover the purchase price or value of propane sold to BUYER, SELLER shall be entitled to its cost of collection, including reasonable attorney's fees.
   _Customers usage appr 26,600 gallons per year_

4. **PIPING AND MATERIALS INSTALLED**
   SELLER shall furnish all components of the Liquified Petroleum Gas (propane) system to and including aforementioned tank(s), permits and exterior lines, regulators, appliance connections and conduct a customer orientation of the L P Gas System at no cost to the BUYER. In return, the BUYER agrees to the following:

5. **STORAGE EQUIPMENT**
   Terms and conditions are covered in a separate agreement entitled Ferrellgas Rental Agreement attached to and made a part of the Agreement.

6. **TERMS AND TERMINATION**
   This agreement shall be non-cancelable by BUYER for _Three 3_ year(s) (Initial Period) and shall renew itself thereafter from year to year on the anniversary date, however, the SELLER or BUYER may terminate this Agreement after the initial period by giving a thirty (30) day written notice to the other party. In the event the BUYER terminates or defaults on the Agreement, it is agreed that the BUYER shall reimburse the SELLER for the installation of _Tank, Asphalt_ and exterior gas piping system for the sum of: _3,000_ and shall be prorated over the _Three (3)_ year term.

7. **EVENTS BEYOND CONTROL OF SELLER**
   If for any reason beyond the SELLER'S control, it is unable to supply propane or to otherwise perform the obligations called for under this Agreement, such failure or delay on the SELLER'S part shall not be deemed a breach of this contract nor subject it to liability for failure to perform.

8. **ASSIGNMENT**
   This agreement or the obligations hereto shall not be assigned by BUYER unless with the prior written consent of SELLER.

Executed this _28_ day of _April_, 20_08_.
BY: _____ (SELLER)     BY: _Danielle Pantoll_ (BUYER)

WHITE – ACCOUNTING OFFICE   •   YELLOW – CUSTOMER   •   PINK – DISTRICT OFFICE

# EXHIBIT B

# FERRELLGAS

www.ferrellgas.com

DUPLICATE COPY
INVOICE

Date: 10/16/2008 09:35
Account #: 56981725
Truck: D446
Driver: Randy S
Customer PO:

pd. 10/30

-------- Sold To: ---------
PERFECT FINISH CLEANERS DBA CAPE CLEANER BLDG
810 CAPE CORAL PARKWAY EAST
Cape Coral, FL 33904
Order #: 1023948552
Ending %: 80

| Qty | Price | Amoun |
|---|---|---|
| PROPANE_INDEX | | |
| 385.8 gal | $2.3814 | $918.7 |
| HAZMAT_FEE | | |
| 1 ea | $5.99 | $5.9 |
| FUEL_SURCHARGE | | |
| 1 ea | $6.999 | $7.0 |
| | Subtotal | $931.7 |
| | Taxes | $55.4 |
| | Total | $987.2 |

ALL SALES FINAL PER TERMS OF OUR AGREEMENT

REMIT PAYMENT TO: FERRELLGAS, P.O. BOX 173940, DENVER, CO 80217-3940
INCLUDE YOUR ACCOUNT# AND ORDER# (I.E. INVOICE #)
OR A COPY OF THIS INVOICE WITH PAYMENT

Customer Signature:

Product has been odorized

Liquefied Petroleum Gas 2.1 UN 1075

Earn up to $75 for residential Customer Referrals!
Go to www.ferrellgas.com/CustomerReferral.asp
or call your local office to learn more!

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
PERFECT FINISH CLEANERS d/b/a CAPE CLEANERS, on behalf of itself and all others similarly situated

### DEFENDANTS
FERRELLGAS, INC. and FERRELLGAS, L.P.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Lance A. Harke, P.A.      Miami, FL 33130
Harke & Clasby LLP        Tel: 305-536-8220
155 South Miami Ave. Suite 600   Fax: 305-536-8229

09-cv-20941 - Altonaga/Brown

Attorneys (If Known)

FILED by AJS D.C.
APR - 9 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

(d) Check County Where Action Arose: ✓ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
✓ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✓ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ✓ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO    b) Related Cases ☐ YES ✓ NO

JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C § 1332 - This is an action to recover damages sustained as a result of Defendants' billing practices regarding the sale of propane.
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

✓ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD [signature]

DATE 4-9-09

FOR OFFICE USE ONLY
AMOUNT $350.00  RECEIPT # 9989  IFP _____
04/09/09