UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-20941-CIV-ALTONAGA/Brown

PERFECT FINISH CLEANERS d/b/a CAPE
CLEANERS, on behalf of itself and others
similarly situated,

    Plaintiff,

vs.                                      **CLASS ACTION**

FERRELLGAS, INC. and
FERRELLGAS, L.P.

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants Ferrellgas, Inc. and Ferrellgas, L.P. (collectively "Ferrellgas") file their Answer and Affirmative Defenses to the Complaint filed by Plaintiff, and state as follows:

All allegations not specifically admitted herein are hereby denied.

1.    Ferrellgas admits so much of paragraph 1 of the Complaint as alleges that this suit seeks damages under Missouri law for breach of contract, but denies that Plaintiff is entitled to any recovery, attorney's fees or costs. Further, Ferrellgas admits it entered into a "Ferrellgas Service Agreement" (the "Agreement") with Plaintiff, but denies the remaining allegations contained in paragraph 1. Further answering, Ferrellgas states that the Agreement is a written document that speaks for itself, and denies the allegations set forth in paragraph 1 to the extent inconsistent therewith.

2.    Ferrellgas denies each and every allegation contained in paragraph 2 of the Complaint.

3. Ferrellgas lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 3 of the Complaint that the amounts charged to Plaintiff were "regularly incorrect and inflated," and therefore denies the same. Further answering, Ferrellgas states that the Agreement is a written document that speaks for itself, and denies the allegations set forth in paragraph 3 to the extent inconsistent therewith.

4. Ferrellgas lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint, and therefore denies the same.

5. Ferrellgas denies the allegation contained in paragraph 5 of the Complaint.

6. Ferrellgas denies the allegation contained in paragraph 6 of the Complaint.

7. Ferrellgas admits that there is litigation pending with the Arkansas Attorney General, but denies the similarity of the allegations made in that litigation to the allegations set forth in the Complaint. Ferrellgas denies the remaining allegations contained in paragraph 7.

## JURISDICTION AND VENUE

8. Ferrellgas denies the allegation contained in paragraph 8 of the Complaint that Plaintiff has alleged any dispute with Ferrellgas in which damages could total or exceed $5 million. Ferrellgas lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in paragraph 8, and therefore denies the same.

9. Ferrellgas denies each and every allegation contained in paragraph 9 of the Complaint.

10. Ferrellgas lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint, and therefore denies the same.

## PARTIES AND RELATED PERSONS

11. Ferrellgas lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint, and therefore denies the same.

12. Ferrellgas admits that Ferrellgas, Inc. is a Delaware corporation with its principal place of business in Missouri. Ferrellgas further admits that Ferrellgas, Inc. is the general partner of Ferrellgas, L.P., a company engaged in the business of selling propane gas in the State of Florida. Ferrellgas denies the remaining allegations contained in paragraph 12 of the Complaint.

13. Ferrellgas admits that Ferrellgas, L.P. is a Delaware limited partnership with its principal place of business in Missouri. Ferrellgas further admits that Ferrellgas, L.P. is registered to do business, and is engaged in the business of selling propane gas, in Florida. Ferrellgas lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 13 of the Complaint, and therefore denies the same.

## CLASS ACTION ALLEGATIONS

14. Ferrellgas denies each and every allegation contained in paragraph 14 of the Complaint.

15. Ferrellgas denies each and every allegation contained in paragraph 15 of the Complaint

16. Ferrellgas denies each and every allegation contained in paragraph 16 of the Complaint, including subparts (A)-(C).

17. Ferrellgas denies each and every allegation contained in paragraph 17 of the Complaint. Further answering, Ferrellgas states that the Agreement is a written document that speaks for itself, and denies the allegations set forth in paragraph 17 to the extent inconsistent therewith.

18. Ferrellgas lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint, and therefore denies the same.

19. Ferrellgas lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint, and therefore denies the same.

20. Ferrellgas denies each and every allegation contained in paragraph 20 of the Complaint.

21. Ferrellgas denies each and every allegation contained in paragraph 21 of the Complaint.

22. Ferrellgas denies each and every allegation contained in paragraph 22 of the Complaint.

23. Ferrellgas denies each and every allegation contained in paragraph 23 of the Complaint.

24. Ferrellgas states that it maintains electronic records of its inventory and sales, but denies the remaining allegations set forth in paragraph 24 of the Complaint.

25. Ferrellgas denies each and every allegation contained in paragraph 25 of the Complaint.

26. Ferrellgas denies each and every allegation contained in paragraph 26 of the Complaint, including subparts (a)-(c).

## COUNT I
## BREACH OF CONTRACT

27. Ferrellgas incorporates its responses to paragraphs 1-26 as though fully set forth herein.

28. Ferrellgas denies each and every allegation contained in paragraph 28 of the Complaint. Further answering, Ferrellgas states that the Agreement is a written document that speaks for itself, and denies the allegations set forth in paragraph 28 to the extent inconsistent therewith.

29. Ferrellgas denies each and every allegation contained in paragraph 29 of the Complaint. Further answering, Ferrellgas states that the Agreement is a written document that speaks for itself, and denies the allegations set forth in paragraph 29 to the extent inconsistent therewith.

30. Ferrellgas denies each and every allegation contained in paragraph 30 of the Complaint.

31. Ferrellgas denies each and every allegation contained in paragraph 31 of the Complaint. Further answering, Ferrellgas states that the Agreement is a written document that speaks for itself, and denies the allegations set forth in paragraph 31 to the extent inconsistent therewith.

**RICHMAN GREER, P.A.**

Miami ● West Palm Beach

32. Ferrellgas denies each and every allegation contained in paragraph 32 of the Complaint.

**RELIEF REQUESTED**

Ferrellgas denies that Plaintiff is entitled to any of the relief sought, and respectfully requests that this Court enter judgment in its favor and against Plaintiff on Plaintiff's claim for breach of contract.

**COUNT II**
**VIOLATIONS OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

33. Ferrellgas incorporates its responses to paragraphs 1-26 as though fully set forth herein.

34. Ferrellgas admits the allegation contained in paragraph 34 of the Complaint that Plaintiff alleges a claim for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201, *et seq.*, but denies that Plaintiff is entitled to any recovery, attorney's fees or costs under FDUTPA.

35. Ferrellgas states that the language of Fla. Stat. § 501.204 speaks for itself, and denies the allegations set forth in paragraph 35 of the Complaint to the extent inconsistent therewith.

36. Ferrellgas lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint, and therefore denies the same.

37. As to the allegations set forth in paragraph 37 of the Complaint, Ferrellgas admits that the conduct alleged occurred in the course of trade or commerce, but denies that Plaintiff is entitled to any recovery, attorney's fees or costs under FDUTPA.

38. Ferrellgas denies each and every allegation contained in paragraph 38 of the Complaint.

39. Ferrellgas denies each and every allegation contained in paragraph 39 of the Complaint.

## **AFFIRMATIVE DEFENSES**

For its defenses and additional matters, Ferrellgas states as follows:

1. Ferrellgas incorporates its responses to paragraphs 1-39 as though fully set forth herein.

2. Ferrellgas opposes class certification, disputes the propriety of class treatment, and does not believe that the putative class has any valid cause of action. If the Court does certify some class, however, Ferrellgas specifically reserves all separate or affirmative defenses that it may have against the putative class. It is not necessary at this time for Ferrellgas to delineate such defenses against the putative class because no class has been certified and the putative class members are not parties to the litigation. Notwithstanding the foregoing, and without waiving its right to assert additional defenses, Ferrellgas states affirmative defenses that it now knows to be applicable to Plaintiff and/or all or some of the putative class.

3. The Complaint should be dismissed, in whole or in part, as Plaintiff has failed to state a claim upon which relief can be granted.

4. The claims alleged by Plaintiff are barred by Plaintiff's prior material breach of the Agreement.

5. Plaintiff has failed to satisfy any and all necessary conditions precedent contained in the Agreement for filing suit against Ferrellgas.

**RICHMAN GREER, P.A.**

Miami ● West Palm Beach

6. The claims alleged by Plaintiff are barred, in whole or in part, by the doctrines of waiver, release and estoppel, in that Plaintiff has accepted the benefits of the transaction at hand.

7. Ferrellgas asserts that the Complaint and the claims contained therein are barred, in whole or in part, by the doctrine of laches and/or unclean hands.

8. Ferrellgas asserts that the Complaint and the claims contained therein are barred, in whole or in part, by the doctrine accord and satisfaction.

9. Any recovery by Plaintiff is barred, in whole or in part, under principals of set-off, recoupment and unjust enrichment, because the alleged losses which Plaintiff seeks to recover are reduced and/or exceeded by the financial benefits which Plaintiff has realized directly or indirectly from the transaction(s) at issue.

10. Plaintiff's claims are barred, in whole or in part, because Ferrellgas has performed to the extent required under the Agreement and discharged all obligations to Plaintiff.

11. Ferrellgas asserts that any injunctive or other equitable relief sought by Plaintiff is barred, in whole or in part, in light of the fact that Plaintiff and the putative class have an adequate remedy at law for the conduct alleged.

12. The claims alleged in the Complaint may not be properly maintained or certified as a class action because the many requirements of Rule 23 cannot be fulfilled.

13. Plaintiff is not a proper class representative and therefore lacks standing to bring this claim on behalf of the unnamed class members.

14. Plaintiff has failed to mitigate its damages, if any, or to minimize the necessity for the relief sought.

15. The FDUTPA is unconstitutionally vague in violation of Ferrellgas' rights of Due Process and Equal Protection under the Fifth and Fourteenth Amendments to the United States Constitution, and similar provisions of the Florida Constitution.

16. Insomuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Ferrellgas to determine all its legal, contractual and equitable rights, Ferrellgas reserves the right to amend and/or supplement the averments of its Answer and Affirmative Defenses to assert any and all defenses ascertained through further investigation and discovery of this action.

17. Ferrellgas hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case. Ferrellgas hereby reserves the right to amend its Answer and Affirmative Defenses to assert any such defenses.

18. Ferrellgas specifically reserves the right to amend this Answer and Affirmative Defenses to allege further defenses against the putative class, in the event a class is certified. The Court has not yet certified a class and the putative class members are not parties to the litigation.

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief sought in its "Wherefore" clause and request that this Court enter a judgment in their favor and against Plaintiff, and award attorney's fees pursuant to Fla. Stat. § 501.2105, all taxable costs, and such additional relief to which Ferrellgas may show itself justly entitled.

## JURY TRIAL

Ferrellgas hereby demands a trial by jury on all issues so triable.

CASE NO. 09-20941-CIV-ALTONAGA/Brown

`                                        Respectfully submitted,

Dated: May 21, 2009                      By:    /s/ Alan G. Greer
                                         Alan G. Greer
                                         Florida Bar No. 123294
                                         agreer@richmangreer.com
                                         Melissa Fernandez
                                         Florida Bar No. 665851
                                         mfernandez@richmangreer.com
                                         RICHMAN GREER, P.A.
                                         Miami Center – Suite 1000
                                         201 South Biscayne Boulevard
                                         Miami, Florida 33131
                                         Telephone: (305) 373-4000
                                         Facsimile: (305) 373-4099
                                         *Attorneys for Defendants*


                                         -And-

                                         Craig S. O'Dear
                                         *(admitted Pro Hac Vice)*
                                         csodear@bryancave.com
                                         Matthew D. Wilson
                                         *(admitted Pro Hac Vice)*
                                         matthew.Wilson@bryancave.com
                                         BRYAN CAVE LLP
                                         1200 Main Street, Suite 3500
                                         Kansas City, Missouri 64105
                                         Telephone: (816) 374-3200
                                         Facsimile: (816) 374-3300

                                         *Attorneys for Defendants*

**RICHMAN GREER, P.A.**

Miami ● West Palm Beach

## **CERTIFICATE OF SERVICE**

      I HEREBY certify that on May 21, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      By:   /s/ Alan G. Greer
           Alan G. Greer

# SERVICE LIST

*Perfect Finish Cleaners, et al. v. Ferrellgas, Inc., et al.*
CASE NO. 09-CV-20941-CIV-ALTONAGA/BROWN
United States District Court, Southern District of Florida

Lance A. Harke
lharke@harkeclasby.com
Howard M. Bushman
hbushman@harkeclasby.com
Harke & Clasby LLP
155 South Miami Ave., Suite 600
Miami, Florida 33130
Telephone: (305) 536-8220
Facsimile: (305) 536-8229
*Attorneys for Plaintiffs & Class Members*
(VIA CM/ECF)

Adam M. Moskowitz
amm@ktt.com
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
*Attorneys for Plaintiffs & Class Members*
(VIA CM/ECF)

Randy Rosenblum
rrosenblum@fdlaw.net
Manuel Dobrinsky
mdobrinsky@fdlaw.net
Freidin & Dobrinsky, P.A.
One Biscayne Tower, Suite 3100
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 371-3666
Facsimile: (305) 371-6725
*Attorneys for Plaintiffs & Class Members*
**(VIA CM/ECF)**

Alan G. Greer
agreer@richmangreer.com
Melissa Fernandez
mfernandez@richmangreer.com
Richman Greer, P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
*Attorneys for Defendants*
**(VIA CM/ECF)**

Manuel L. Dobrinsky, Esq.
mdobrinsky@fdlaw.net
Freidin & Dobrinsky
2 South Biscayne Boulevard
Suite 3100
Miami, Florida 33131
Telephone: (305) 371-3666
Facsimile: (305) 371-6725
*Attorneys for Plaintiffs & Class Members*
**(VIA CM/ECF)**